ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| RORY D. CRAWFORD<br><br>Recurrido<br><br>v.<br><br>CARIBBEAN STEEL RIGGERS, INC., Y OTROS<br><br>Partes con Interés<br><br><br>MAURO ANTONIO BLANCO DE ARMAS<br><br>Peticionario | TA2025CE00197 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Caso Núm.: CA2025CV00143<br><br>Sala: 302<br><br>Sobre: Incumplimiento de Contrato, Cobro de Dinero; Daños y Perjuicios |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Juez Barresi Ramos y el Juez Sánchez Báez

Sánchez Báez, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de septiembre de 2025.

Comparece el Sr. Mauro Antonio Blanco de Armas (en adelante, "señor Blanco de Armas" o "peticionario") mediante recurso de *Certiorari* presentado el 24 de julio de 2025. Nos solicita que revoquemos la *Orden* emitida y notificada por el Tribunal de Primera Instancia, Sala Superior de Fajardo (en adelante, "foro primario" o "foro de instancia"), el 21 de julio de 2025. En ese dictamen, el foro primario declaró *No Ha Lugar* una moción de desestimación presentada por el peticionario.

Por los fundamentos que expondremos a continuación, **se deniega la expedición** del auto de *Certiorari*.

**-I-**

El presente caso tuvo su génesis, el 20 de enero de 2025, cuando el Sr. Rory D. Crawford (en adelante, "señor Crawford" o

---

[1] Véase *Orden Administrativa DJ 2024-062C* de 6 de mayo de 2025 sobre designación de paneles en el Tribunal de Apelaciones.

"recurrido") instó *Demanda* sobre incumplimiento de contrato, cobro de dinero y daños y perjuicios, en contra del señor Blanco de Armas; Caribbean Steel Riggers, Inc., (en adelante, "Caribbean Steel Riggers") y otros.[2] Alegó, en síntesis, que aceptó una propuesta por parte de Caribbean Steel Riggers para que le realizara unos trabajos de construcción a su propiedad. En la referida propuesta acordaron que los trabajos de construcción totalizarían una suma de $117,100.00. Posteriormente, señaló que Caribbean Steel Riggers le presentó varias órdenes de cambios sobre costos de trabajos adicionales realizados que totalizaban una suma de $285,751.39.

El señor Crawford alegó que, para el 18 de agosto de 2024, Caribbean Steel Riggers no había culminado con los trabajos solicitados incluidos en la propuesta y comenzó a reclamarle el resto de la totalidad del dinero. Además, señaló que, para esa misma fecha, Caribbbean Steel Riggers y sus subcontratistas comenzaron a realizar los trabajos de forma apresurada, deficiente y como resultado, no cumplieron con los estándares mínimos de construcción.

Pertinente al caso que nos ocupa, el señor Crawford señaló que los trabajos realizados en las terrazas de su propiedad realizados por Caribbean Steel Riggers y el señor Blanco de Armas, no cumplían con los estándares mínimos de soldadura y construcción de aceros. Además, indicó que dichas terrazas fueron construidas de manera deficiente por lo que requerían que fueran demolidas y reconstruidas nuevamente.

Por todo lo anterior, solicitó al foro primario que declarara *Con Lugar* a la demanda de epígrafe y en consecuencia que fuera indemnizado por los daños alegados.

---

[2] Véase, Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (en adelante, "SUMAC-TPI"), entrada núm. 1, pág. 1-2.

Luego de varios trámites procesales, el 14 de abril de 2025, el señor Crawford presentó una *Solicitud de Anotación de Rebeldía.*[3] Sostuvo que el señor Blanco de Armas había sido debidamente emplazado y que su término para contestar la demanda había vencido.

En respuesta, el foro de instancia emitió una *Orden* el 21 de abril de 2025, en la cual declaró *No Ha Lugar* a la solicitud de rebeldía.[4] Indicó que el señor Crawford debía acreditar que el señor Blanco de Armas no era un militar de servicio activo y que éste no se encontraba acogido a las protecciones bajo el Código de Quiebras, 11 USCA sec. 101 *et seq,* (en adelante, Ley de Quiebras).

El 6 de junio de 2025, el señor Crawford presentó *Segunda Solicitud de Anotación de Rebeldía.*[5] Solicitó nuevamente que se le anotara la rebeldía al señor Blanco de Armas porque había vencido el término para contestar la demanda. Junto a su solicitud, acreditó que el señor Blanco de Armas no era un miembro activo de la milicia. Sin embargo, nada dispuso referente a si le aplicaba la protección bajo la Ley de Quiebras, *supra.*

Así las cosas, el 9 de junio de 2025, el foro de instancia, declaró *No Ha Lugar* a la segunda solicitud de anotación de rebeldía y le ordenó al recurrido a que acreditara que el señor Blanco de Armas no estaba cobijado bajo las protecciones de la Ley de Quiebras, *supra.*[6]

El señor Crawford presentó el 25 de junio de 2025 un recurso de *Certiorari,* ante el foro apelativo bajo el número de caso: TA2025CE00033.[7] Posteriormente, el señor Blanco de Armas presentó una *Moción de Desestimación,* el 30 de junio de 2025.[8] En

---

[3] SUMAC-TPI, entrada núm. 24, pág. 1.
[4] SUMAC-TPI, entrada núm. 27, pág. 1.
[5] SUMAC-TPI, entrada núm. 42, págs. 1-2.
[6] SUMAC-TPI, entrada núm. 46.
[7] SUMAC-TPI, entrada núm. 49.
[8] SUMAC-TPI, entrada núm. 50, págs. 1-6.

síntesis, argumentó que la causa de acción no justificaba la concesión de un remedio, por lo cual procedía la desestimación de la demanda de epígrafe, bajo el inciso 5 de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2.

En consecuencia, el 19 de julio de 2025, el señor Crawford presentó, *Oposición a "Moción de Desestimación".*[9] En resumen, alegó que el señor Blanco de Armas formaba parte del grupo de subcontratistas de Caribbean Steel Riggers y que éste respondía por los supuestos daños ocasionados por trabajos defectuosos realizados en la residencia del señor Crawford. Solicitó al foro primario que declarara *No Ha Lugar* a la moción de desestimación presentada por el señor Blanco de Armas.

Luego de evaluar las mociones antes señaladas, el 21 de julio de 2025, el foro de instancia declaró *No Ha Lugar* la solicitud de desestimación y le ordenó al señor Blanco de Armas que contestara la *Demanda.*[10]

Insatisfecho, el señor Blanco de Armas acudió ante este Tribunal mediante el recurso de epígrafe, en el cual señaló los siguientes errores:

> El Honorable Tribunal de Primera Instancia, Sala Superior de Fajardo[,] erró al no determinar que la demanda deja de exponer una reclamación que justifique la concesión de un remedio en contra del peticionario Mauro Antonio Blanco.

> El Honorable Tribunal de Primera Instancia, Sala Superior de Fajardo[,] erró al declarar No Ha Lugar la moción de desestimación presentada por el peticionario Mauro Antonio Blanco y no desestimar la demanda en su contra e imponer a la demandante el pago de honorarios de abogado.

Por su parte, el 31 de julio de 2025, el recurrido acudió ante nos y presentó su *Alegato de la Parte Recurrida.*

---

[9] SUMAC-TPI, entrada núm. 65, págs. 1-5.
[10] SUMAC-TPI, entrada núm. 66.

Con el beneficio de la comparecencia escrita de ambas partes, procedemos a exponer la normativa jurídica aplicable a la controversia ante nuestra consideración.

**-II-**

**A. Certiorari**

El recurso de *Certiorari* es un mecanismo procesal que le permite a un tribunal de mayor jerarquía revisar las determinaciones del tribunal recurrido. *Rivera et al. v. Arcos Dorados et al,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023). Distinto al recurso de apelación, el foro revisor tiene la facultad para expedir o denegar el recurso de C*ertiorari* de manera discrecional. *García v. Padró,* 165 DPR 324, 334 (2005). Sin embargo, tal discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera. *Torres González v. Zaragoza Meléndez,* supra, pág. 847.

En específico, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone los preceptos que regulan la expedición discrecional que ejerce el Tribunal de Apelaciones para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, a saber:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. *Íd.*

Luego de auscultar si el recurso discrecional cumple con las disposiciones de la Regla 52.1 de Procedimiento Civil, *supra*, este tribunal intermedio procederá a evaluar el recurso a la luz de la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas.* Reglamento TA, 2025 TSPR 42, págs. 59-60, 215 DPR ___ (2025), La referida regla establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *Certiorari*, como sigue:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. *Íd.*

Cabe precisar que nuestro Tribunal Supremo ha expresado que, de ordinario, el tribunal revisor sólo intervendrá con las facultades discrecionales de los foros primarios en circunstancias extremas y en donde se demuestre que éstos: (1) actuaron con prejuicio o parcialidad; (2) incurrieron en un craso abuso de discreción, o (3) se equivocaron en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Rivera et al. v. Arcos Dorados et al.,* supra, pág. 210; *Cruz Flores et al. v. Hosp. Ryder* et al., 210 DPR 465, 497 (2022).

Por tanto, la denegatoria a expedir un recurso discrecional responde a la facultad de este tribunal intermedio para no intervenir a destiempo con el trámite pautado por el foro de instancia y no implica la ausencia de error en el dictamen recurrido ni una adjudicación en los méritos. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

En lo que respecta al caso de marras, la correcta consecución de la justicia necesariamente conlleva reconocer a los juzgadores de los foros primarios un amplio margen de deferencia respecto al ejercicio de sus facultades adjudicativas dentro del proceso que dirigen. Por lo anterior, proviene la normativa que acredita la tramitación de los asuntos en el tribunal primario como una inherentemente discrecional del juez. Dado a eso, y sin apartarse de los preceptos pertinentes al funcionamiento del sistema judicial, el adjudicador concernido está plenamente facultado para conducir el proceso que atiende conforme le dicte su buen juicio y discernimiento, siempre al amparo del derecho aplicable. *In re Collazo I*, 159 DPR 141, 150 (2003). En consonancia con ello, nuestro más Alto Foro ha expresado en *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018), que los tribunales apelativos no "deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por éste en el ejercicio de su discreción, salvo que se pruebe que actuó con prejuicio o parcialidad, incurrió en craso abuso de discreción o en error manifiesto".

**B. Desestimación bajo la Regla 10.2 (5) de Procedimiento Civil**

La Regla 10.2 de las de Procedimiento Civil autoriza al demandado ya sea en una demanda, reconvención, demanda contra coparte o demanda contra tercero a presentar una moción de desestimación debidamente fundamentada a esos fines. 32 LPRA Ap. V, R. 10.2. En particular, la precitada regla reconoce los siguientes fundamentos: (1) falta de jurisdicción sobre la materia;

(2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio, o (6) dejar de acumular una parte indispensable. *Blassino, Reyes v. Reyes Blassino*, 214 DPR 823, 833 (2024); *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 396 (2022).

En síntesis, el demandado que formula una moción de desestimación bajo la Regla 10.2 de las de Procedimiento Civil, *supra*, hace el siguiente planteamiento:

> "**Yo acepto para los propósitos de mi moción de desestimación que todo lo que se dicte en esta demanda es cierto, pero aun así**, **no aduce una reclamación que justifique la concesión de un remedio**, o no se ha unido una parte indispensable, o el tribunal no tiene jurisdicción, etc." Es decir, a los efectos de considerar esta moción no se ponen en duda los hechos aseverados porque se ataca por un vicio intrínseco de la demanda o del proceso seguido.

R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 5ta ed., Lexis Nexis, 2010, pág. 269. (Citas omitidas) (Énfasis suplido).

Como regla general, el tribunal, al momento de adjudicar una moción desestimación bajo la precitada disposición legal, lo hace a base de lo expuesto en la alegación contra la cual se dirige. *Íd.*

En relación con el quinto inciso de esta Regla, sobre el fundamento de que la demanda no expone una reclamación que justifique la concesión de un remedio, el Tribunal Supremo ha expuesto lo siguiente:

> Al resolver una moción de desestimación por este fundamento, el tribunal tomará como ciertos todos los hechos bien alegados en la demanda, que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas. Ante una moción de desestimación, las alegaciones hechas en la demanda hay que interpretarlas de forma conjunta, liberal y lo más favorable posible para la parte demandante. La demanda no deberá desestimarse a menos que se demuestre que el demandante no tiene derecho a remedio alguno bajo cualesquiera hechos que pueda probar. Debemos considerar, "si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de éste, la demanda es suficiente para constituir una reclamación válida". Tampoco procede la desestimación de una demanda si es susceptible de ser enmendada.

*Colón v. Lotería,* 167 DPR 625, 649 (2006) (notas al calce omitidas).

**-III-**

En el presente caso, el peticionario argumentó que el foro primario erró al no determinar que la demanda dejó de exponer una reclamación que justificara la concesión de un remedio e incidió al denegar la desestimación del pleito. En síntesis, alegó que no procedía la demanda de epígrafe por no existir una relación contractual entre el peticionario y recurrido.

Sin embargo, tras examinar con detenimiento los autos de epígrafe, colegimos que no existe criterio jurídico que amerite nuestra intervención con lo resuelto por el foro primario. Al revisar la *Demanda,* se desprende que hay una controversia sobre si existe un incumplimiento de contrato por parte de Caribbean Steel Riggers y sus subcontratistas. El recurrido alegó que el peticionario actuó en calidad de subcontratista de Caribbean Steel Riggers, empresa que fue contratada para llevar a cabo obras de construcción en la propiedad del recurrido. Asimismo, el recurrido sostuvo que los trabajos realizados por Caribbean Steel Riggers y el peticionario fueron defectuosos y que había que demoler y reconstruir las terrazas realizadas en su propiedad, además de reparar y reemplazar las puertas y ventanas instaladas por el señor Blanco de Armas.

Si bien lo anterior consiste en alegaciones en esta etapa del procedimiento, los tribunales deben darlas por ciertas. Por ello, luego de examinada la oposición, el foro recurrido declaró *No Ha Lugar* a la desestimación presentada por el peticionario y le ordenó a contestar la demanda. En otras palabras, el foro primario entendió que la controversia del caso de epígrafe requiere la continuación de los procedimientos para que las partes tengan oportunidad de probar sus alegaciones y realizar el descubrimiento de prueba pertinente.

Por todo lo anterior, entendemos que el foro *a quo* no incurrió en error al denegar la solicitud de desestimación. Así pues, concluimos que no se configura ninguna de las circunstancias que justifican la expedición del auto bajo los fundamentos de la Regla 40 de nuestro Reglamento. En fin, no encontramos razones para expedir el auto e intervenir con la orden recurrida.

**-IV-**

Por los fundamentos previamente expuestos, se **deniega la expedición** del auto de *Certiorari*.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones. La Juez Barresi Ramos concurre sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones